UNITED STATES, Appellee,

v.

Staff Sergeant Isaac McFARLIN, SSN 262–74–1194, United States Army, Appellant.

CM 443295.

U.S. Army Court of Military Review.

8 Jan. 1985.

Charles J. Kahn, Jr., Esquire, argued the cause for the appellant. With him on the brief were Colonel William G. Eckhardt, JAGC, and Captain Donna Chapin Maizel, JAGC.

Captain Richard J. Fadgen, JAGC, argued the cause for the appellee. With him on the brief were Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Major Thomas J. Leclair, JAGC.

Before WOLD, NAUGHTON and CO-HEN, Appellate Military Judges.

## OPINION OF THE COURT

WOLD, Senior Judge:

Appellant was charged with committing forcible sodomy [1] (cunnilingus) on Private W and with committing an indecent assault [2] on her "by presenting his penis to her face and asking her to suck it and by laying on top of her." Contrary to his pleas, he was convicted, by a court-martial with members, of nonforcible sodomy and indecent assault. He was sentenced to a bad-conduct discharge, which the convening authority approved.

### The Right of Privacy

Appellant contends that Article 125, UCMJ, is unconstitutional as applied to him because it infringes upon his constitutional right of privacy and because it is unconstitutionally vague. The latter issue has been authoritatively decided to the contrary in *United States v. Scoby*, 5 M.J. 160 (CMA 1978). As to the privacy issue, appellant argues that a right of privacy exists as to consensual, non-commercial, heterosexual relations which are conducted in seclusion between adults; that appellant's acts fit that description; that the right of privacy involved is a fundamental right; and that his conduct is therefore protected from governmental regulation.

■ It simply is not the law that even fundamental rights, such as the right to privacy, are absolutely immune from limitation by governmental regulation. To the contrary, the right to privacy is not absolute, and the existence of a "compelling state interest" will justify governmental regulation limiting the right to privacy. *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), and cases cited therein. Military necessity, including the fundamental necessity for discipline, can be such a compelling state interest. *Middendorf v. Henry*, 425 U.S. 25, 96 S.Ct. 1281, 47

L.Ed.2d 556 (1976) (concerning summary courts-martial, the Sixth Amendment right to counsel was counterbalanced by the demands of military necessity); *Parker v. Levy*, 417 U.S. 733, 758, 94 S.Ct. 2547, 2563, 41 L.Ed.2d 439 (1973), ("The fundamental necessity for obedience, and the consequent necessity for imposition of discipline, may render permissible within the military that which would be constitutionally impermissible outside it."); *Burns v. Wilson*, 346 U.S. 137, 140, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953) ("the rights of men in the armed forces must perforce be conditioned to meet certain overriding demands of discipline and duty...."). *See also; United States v. Scoby*, 5 M.J. 160 (CMA 1978); *United States v. Pitasi*, 44 C.M.R. 31 (CMA 1971); *United States v. Lovejoy*, 42 C.M.R. 210 (CMA 1970); *United States v. Jones*, 14 M.J. 1008 (ACMR 1982); *pet. denied*, 15 M.J. 456 (CMA 1983); *United States v. Free*, 14 C.M.R. 466 (NBR 1953); *Staton v. Froehlke*, 390 F.Supp. 503 (D.D.C.1975).

■ Applying these principles to the case at bar, we begin with the premise that discipline is essential to an effective military force. Appellant, a Staff Sergeant, was the noncommissioned officer in charge of a group of trainees of which the victim, a Private E–1, was a member. Thus appellant was both the victim's military superior and her direct supervisor. Generations of leaders have learned that sexual liaisons with subordinates are fatal to discipline in any organization. We hold that the governmental interest in preventing such liaisons is sufficiently compelling to justify governmental regulation and that therefore appellant's privacy rights were not improperly curtailed. The same analysis and result applies to other sexual offenses committed in such circumstances.

### Sufficiency of the Evidence and Instructions

■ Appellant contends that the evidence is insufficient to sustain the findings of guilty.

---

1. Article 125, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 925 (1976).

2. Article 134, UCMJ, 10 U.S.C. § 934 (1976).

The victim testified that after some preliminary activity with sexual overtones, appellant placed her on a bunk in a barracks room, lay on top of her, kissed her, told her he was going to make her "hot", and told her to "grab" and "squeeze" his groin area, which she did after repeated urgings. Appellant then asked for permission for intercourse which the victim denied, stating falsely that she was menstruating. Appellant then undid the victim's trousers and performed cunnilingus on her, again lay on her, exposed her breasts, and kissed her. At this point, appellant stepped into the hall to investigate a noise. When he returned, he undid his trousers, exposed his penis, and asked the victim to commit fellatio. She said "No." Appellant then "put it right in [her] face" and the victim turned her head away. At that point, appellant covered himself and adjusted his clothing, cautioned the victim to say nothing about the incident, and proposed a later meeting at a motel room. Except as noted above, the victim lay immobile throughout and made no verbal protestations.

Appellant denied the entire incident and testified to a number of errands which had taken him away from the barracks on the morning in question. Defense counsel argued that appellant did not have enough uninterrupted time at the barracks for the incident to have taken place as described by the victim. The remainder of the evidence pertained to corroboration of the victim's testimony and appellant's alibi testimony, credibility of appellant and the victim, and the efficiency of the criminal investigation.

Having considered all of the evidence and the opportunity the members had to judge the credibility of the witnesses, we are satisfied beyond a reasonable doubt that appellant committed the sodomy of which he was convicted. We are also satisfied that appellant did the acts charged as

indecent assault and that the victim did not agree to those acts. However, as an adjunct to the issue of the sufficiency of the evidence, appellant argues that the trial judge erred by failing to instruct, *sua sponte*, on the issue of mistake of fact about the victim's consent to the acts charged as indecent assault.

■ Where an affirmative defense is reasonably raised by the evidence, the military judge is required, *sua sponte*, to instruct thereon. *United States v. Oisten*, 33 C.M.R. 188, 194 (CMA 1963). Typically, the affirmative defense of mistake of fact is raised by the testimony of the accused. *See United States v. Pruitt*, 38 C.M.R. 236 (CMA 1968); *United States v. Bell*, 40 C.M.R. 825 (ABR 1968). However, an appellant's state of mind may be shown by other kinds of evidence, including circumstantial evidence. *United States v. Janis*, 1 M.J. 395 (CMA 1976); *United States v. Miller*, 7 C.M.R. 70 (CMA 1953).

■ The question presented in this case is whether there is sufficient circumstantial evidence tending to show that appellant honestly and reasonably believed that Private E had consented to having him "[present] his penis to her face and [ask] her to suck it" and "[lie] on top of her". Even though indecent assault is a specific intent offense,[3] the applicable standard is an honest *and reasonable* mistake. This is because the mistake in question did not relate to *appellant's* intent but rather to another element, the presence or absence of the victim's consent.[4] The evidence tending to show an honest and reasonable mistake must be sufficient to enable the finder of fact to reasonably infer the existence of such a mistake. *United States v. Hill*, 32 C.M.R. 158, 159 (CMA 1962). Thus the concept of reasonableness enters our equation twice: first as the measure of the required probative value of the evidence

3. *United States v. Jackson*, 31 C.M.R. 738 (ABR 1962); *see United States v. Birch*, 13 M.J. 847 (CGCMR 1982).

4. R. Perkins and R. Boyce, Criminal Law 1044–48 (3d ed. 1982); Clark and Marshall, A Treatise on the Law of Crimes § 5.11 (7th ed. 1967); *cf. United States v. Steele*, 43 C.M.R. 845, 849 (ACMR 1971) (Collins, J., and Finkelstein, J., concurring).

tending to show appellant's mistaken belief; and second as one of the required attributes of the sort of mistaken belief which that evidence must tend to show, *i.e.,* a belief which was not only honestly but reasonably held.

■ We do not believe that the defense was reasonably raised in this case. Whatever the circumstantial evidence may suggest as to appellant's actual belief about the victim's consent, the evidence is insufficient to cause a reasonable factfinder to conclude that it was reasonable for appellant to believe that the victim had consented to his acts. The victim's lack of verbal or physical response to most of appellant's acts is most reasonably attributable to passive acquiescence prompted by appellant's superior rank and position rather than to the victim's consent. Any confusion engendered by her agreement to squeeze appellant's groin area after repeated urgings early in the encounter should have been conclusively resolved in appellant's mind by the victim's verbal refusal to engage in intercourse or fellatio prior to appellant's act of thrusting his exposed penis in her face. "Although the absence of a request for an instruction as to mistake of fact in no way relieves a judge of his responsibility, we believe that here it tends to corroborate our reading of the record—namely, that the *only* issue was [alibi]." *Cf. United States v. Carr,* 18 M.J. 297, 302 (CMA 1984).

### Accomplice Testimony

■ Appellant contends that he was prejudiced by the failure of the trial judge to instruct the members that the victim was an accomplice whose testimony should be treated with great caution. In addition, appellant contends that the victim's testimony was uncertain, self-contradictory or improbable as well as uncorroborated and therefore insufficient to support a conviction. Manual for Courts-Martial, United States, 1969 (Rev. ed.), paragraph 74a (2), (C3, 1980).

Assuming that the victim was an accomplice, we hold that the trial judge's failure to give the accomplice instruction was waived by appellant's failure to request the instruction. The waiver rule is well established. *United States v. Lee,* 6 M.J. 96 (CMA 1978), and cases cited therein. The only exception is in "plain error" situations, which arise when the accomplice's testimony constitutes all or virtually all of the Government's evidence on an offense or an element of an offense *and* when the accomplice's credibility has been seriously impeached. *United States v. Lee, supra; United States v. Lell,* 36 C.M.R. 317 (CMA 1966); *United States v. Stephen,* 35 C.M.R. 286 (CMA 1965). In the case at bar, the victim's testimony was corroborated in large part by circumstantial evidence and the victim's credibility was not seriously compromised by the impeachment evidence adduced by appellant. Hence, no "plain error" exists and the waiver rule applies.

We also find that the victim's testimony was not self-contradictory, uncertain, or improbable. Although at one point in her testimony the victim described her recollection as "hazy," we are satisfied that she was referring to peripheral incidents which happened throughout a long and eventful morning. The victim's testimony about the events for which appellant was convicted was concise, coherent, and internally consistent and it is by no means inherently improbable that such an event occurred.

The remaining assignments of error, including that personally advanced by appellant, are without merit.

The findings of guilty and the sentence are affirmed.

Judge NAUGHTON and Judge COHEN concur.