**UNITED STATES, Appellee,**

v.

**Staff Sergeant Milton JACKSON, 252–80–9883, United States Army, Appellant.**

**ACMR 8600577.**

U.S. Army Court of Military Review.

21 Dec. 1987.

712

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major Eric T. Franzen, JAGC, Captain Lorraine Lee, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Major Byron J. Braun, JAGC, Captain Eva M. Novak, JAGC, Captain Joseph P. Falcone, JAGC (on brief).

Before FELDER, GILLEY, and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Contrary to appellant's pleas, a general court-martial consisting of officer and enlisted members found him guilty of violating a lawful general regulation by fraternizing with Private M, indecently assaulting Private K by touching her breasts and by later having sexual intercourse with her,[1] conspiring to obstruct justice by offering Private K money through Private B not to testify at the Article 32 investigation, and obstructing justice in pursuit of the conspiracy. These offenses violated Articles 92, 134, and 81, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 892, 934, and 881 (1982), respectively. The convening authority approved the sentence of a bad-conduct discharge, confinement for three years, forfeiture of $500.00 pay per month for three years, and reduction in grade to Private E–1.

## I.

Regarding the sexual intercourse offense, appellant contends that the evidence fails to establish Private K's lack of consent and fails to negate, beyond a reasonable doubt, the defense of mistake of fact. Based on the totality of the circumstances, we find that indecent assault was proven beyond a reasonable doubt and that appellant did not honestly and reasonably believe that Private K consented.

In view of the totality of the circumstances, violent resistance or even a firm "no" to sexual importuning is not always required to show lack of consent or that the defense of mistake of fact does not lie. *See United States v. McFarlin,* 19 M.J. 790, 794 (A.C.M.R.1985) (court found lack of consent in the "passive acquiescence prompted by appellant's superior rank and position"), *petition denied,* 20 M.J. 314 (C.M.A.1985). In this case appellant was Private K's acting platoon sergeant and the barracks charge of quarters on the night when the sexual offenses allegedly occurred. He was also much larger physically than Private K. Private K's pattern of evasive actions under these circumstances proved her lack of consent to sexual intercourse with appellant, even though her only response to the appellant's actions was inquiring why was he doing these things. Significantly, when she twice tried to stay out of his reach, he forcibly moved her from the top bunk to the floor, and from one part of the room to another. *See United States v. Williamson,* 24 M.J. 32, 34 (C.M.A.1987) (fact-finders to consider the totality of the circumstances in determining whether a woman consented to sexual intercourse); *United States v. Carr,* 18 M.J. 297 (C.M.A.1984); *United States v. Henderson,* 15 C.M.R. 268, 273 (C.M.A. 1954).

[1]. Appellant was charged with rape, and found not guilty thereof, but guilty of indecent assault.

## II.

 Appellant also asserts that the military judge erred by admitting into evidence a bank record, showing that he had withdrawn $1,000 from his checking account. At the behest of the appellant, Private B offered Private K $1,000 not to testify against the appellant. The trial defense counsel objected to the admission of the bank record because the government had not complied with the provisions of the federal statute and the Army regulation requiring notice to the customer before the records were obtained. We find the assignment of error without merit. Neither the statute nor the regulation provides for an exclusionary rule. Right to Financial Privacy Act of 1978, ch. 35, 12 U.S.C. § 3401 *et seq.;* Army Regulation 190–6, Military Police: Obtaining Information from Financial Institutions (dated 15 February 1982). Congress provided only civil remedies for a violation of the statute, enacted when the Supreme Court held that there was no constitutional right to privacy in bank records. *Securities and Exchange Commissioner v. Jerry T. O'Brien, Inc.,* 467 U.S. 735, 104 S.Ct. 2720, 81 L.Ed.2d 615 (1984). Moreover, the evidence would not be excluded since military personnel did not violate either the Constitution, or a federal statute prescribing an exclusionary rule for violating the statute, or the Military Rules of Evidence. Manual for Courts–Martial, United States, 1984, Mil.R.Evid. 311(a) and (c)(1). In addition, admitting this evidence did not violate military due process. *United States v. Moreno,* 23 M.J. 622 (A.F.C.M. R.1986), *petition denied,* 24 M.J. 348 (C.M. A.1987).

The allegation of error personally raised by appellant has been considered and is without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge FELDER and Judge ROBBLEE concur.