**UNITED STATES, Appellee,**

v.

**Private First Class Oney J. LANGLEY III, 311–84–0117, United States Army, Appellant.**

**ACMR 8801826.**

U.S. Army Court of Military Review.

26 Jan. 1990.

**1016**

For Appellant: Major Marion E. Winter, JAGC, Captain William J. Kilgallin, JAGC (on brief).

For Appellee: Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC (on brief).

Before MYERS, JOHNSON, and NEURAUTER, Appellate Military Judges.

## OPINION OF THE COURT

MYERS, Senior Judge:

Contrary to his pleas, appellant was convicted by a general court-martial composed of officer and enlisted members of one specification of assault with intent to commit rape in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982). His sentence, approved by the convening authority, included a bad-conduct discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to Private E1. On appeal appellant alleges the errors discussed below.

### I

### VOLUNTARY INTOXICATION

Appellant first contends that the military judge erred by refusing to instruct on the defense of voluntary intoxication. We disagree.

It is well settled that "some evidence" is all that is required to raise an issue on which the military judge must instruct and which must be resolved by the factfinders.

> It is not necessary that the evidence which raises an issue be compelling or convincing beyond a reasonable doubt.... Instead, the instructional

duty arises whenever "some evidence" is presented to which the factfinders might "attach credit if" they so desire.

*United States v. Jackson,* 12 M.J. 163, 166–167 (C.M.A.1981) (citations omitted); *United States v. Simmelkjaer,* 40 C.M.R. 118 (C.M.A.1969). But how much evidence will suffice for "some evidence"?

With particular regard to the issue of voluntary intoxication, this court has held that:

> There must be some evidence that the intoxication was of a severity to have had the effect of rendering the appellant incapable of forming the necessary intent.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> [I]t is not enough to show that alcohol may have clouded the appellant's judgment; there must be some credible evidence that the alcohol removed his ability to make *any* judgment.

*United States v. Box,* 28 M.J. 584, 585 (A.C.M.R.), *pet. denied,* 28 M.J. 451 (C.M.A.1989) (emphasis in original) (citation omitted).

Here, the evidence on this issue showed only that appellant consumed three and one-half alcoholic drinks at a fashion show between 2000 and 2330 hours. Thereafter, appellant and a friend, Mr. G, went to the Funkadelic bar where they met the victim herein, Ms. H, arriving there about 2400. Between then and about 0300 when appellant and Ms. H departed the Funkadelic, there is no evidence that appellant had anything at all to drink. No one, including the appellant himself in his testimony, stated that appellant was drunk or even appeared to be drunk. The closest anyone came to saying that appellant was drunk was during appellant's testimony, when, in answer to his counsel's question whether he felt sober enough to drive a car, appellant answered "No.... usually if I drink I'll never drive."

We hold that the fact that appellant had three and one-half drinks some three and one-half to seven hours before the offense, standing alone, was not sufficient to raise the issue of voluntary intoxication, and that

the military judge was correct in refusing to give the requested instruction thereon.

## II

### MISTAKE OF FACT

Appellant next contends that the military judge erred by instructing the court-martial that a mistake of fact on the part of appellant must be both honest and reasonable. Appellant argues that in a specific intent crime the mistake need only be honest. *See* Manual for Courts–Martial, 1984, Rules for Courts–Martial [hereinafter R.C.M.] 916(j).[1] Here, however, we have a different situation. In *United States v. McFarlin*, 19 M.J. 790 (A.C.M.R.), *pet. denied*, 20 M.J. 314 (C.M.A.1985), this court held:

> Even though indecent assault is a specific intent offense, the applicable standard is an honest *and reasonable* mistake. This is because the mistake in question did not relate to *appellant's* intent but rather to another element, the presence or absence of the victim's consent.
>
>  * * * * * *
>
> Thus the concept of reasonableness enters our equation twice: first as the measure of the required probative value of the evidence tending to show appellant's mistaken belief; and second as one of the required attributes of the sort of mistaken belief which that evidence must tend to show, *i.e.*, a belief which was not only honestly but reasonably held.

*Id.* at 793–794 (emphasis in original) (citations omitted).

Although the *McFarlin* case involved an indecent assault, it is nevertheless pertinent here since indecent assault is lesser included in the offense of assault with intent to commit rape and in both *McFarlin*

and this case the consent of the respective victims was at issue. Thus, we hold that the military judge properly instructed the court-martial that a mistake of fact on the part of appellant had to be both honest and reasonable.

The findings of guilty are affirmed. After careful consideration of the entire record, however, only so much of the sentence as provides for a bad-conduct discharge, confinement for three years, forfeiture of all pay and allowances, and reduction to Private E1 is affirmed.

Judge JOHNSON and Judge NEURAUTER concur.

---

1. R.C.M. 916(j) provides in pertinent part as follows:

    *Ignorance or mistake of fact.* Except as otherwise provided in this subsection, it is a defense to an offense that the accused held, as a result of ignorance or mistake, an incorrect belief of the true circumstances such that, if the circumstances were as the accused believed them, the accused would not be guilty of the offense. If the ignorance or mistake

goes to an element requiring ... specific intent, ... the ignorance or mistake need only have existed in the mind of the accused. If the ignorance or mistake goes to any other element requiring only general intent or knowledge, the ignorance or mistake must have existed in the mind of the accused and must have been reasonable under all the circumstances....