**UNITED STATES, Appellee,**

v.

**Oney J. LANGLEY, III, Private First Class, U.S. Army, Appellant.**

No. 64,834.
CM 8801826.

U.S. Court of Military Appeals.

Argued March 13, 1991.

Decided Sept. 26, 1991.

For Appellant: *Captain Cynthia J. Rapp* (argued); *Lieutenant Colonel Russell S. Estey, Captain James Kevin Lovejoy,* and *Captain Timothy P. Riley* (on brief).

For Appellee: *Captain Robert J. Walters* (argued); *Colonel Alfred F. Arquilla, Lieutenant Colonel Daniel J. Dell'Orto, Major Maria C. Fernandez, Captain Gary A. Khalil* (on brief); *Major Martin D. Carpenter.*

*Opinion of the Court*

EVERETT, Senior Judge:

Contrary to his pleas, a general court-martial with officer and enlisted members convicted appellant of assault with intent to commit rape, as charged, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. The court-martial sentenced appellant to a bad-conduct discharge, confinement for 5 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved these results. In turn, the Court of Military Review reduced the confinement to 3 years but in all other respects affirmed. 29 MJ 1015, 1017 (1990).

We granted appellant's petition for review to consider whether, in this prosecution for assault with intent to commit rape, the military judge erred by instructing the members that appellant's claimed mistake of fact as to the victim's consent must be both honest and reasonable rather than merely honest. We conclude that he did.

## I

Essentially, Langley defended against the charge on the basis of voluntary intoxication and mistake of fact as to the victim's lack of consent. Near the end of the contest on guilt, counsel and the military judge discussed proposed findings at a session pursuant to Article 39(a), UCMJ, 10 USC § 839(a).

At the outset, the judge indicated that he intended to instruct on attempted rape, indecent assault, indecent acts with another, and assault consummated by a battery as lesser-included offenses of the one charged. Defense counsel objected that attempted rape did not appear in the Manual as a lesser-included offense. *See* para. 64d(3), Part IV, Manual for Courts–Martial, United States, 1984. Moreover, the defense complained that attempted rape was only "a general-intent crime,"[1] while the charged assault with intent to commit rape was "a specific-intent crime" and that the trial defenses of mistake-of-fact and voluntary intoxication were aimed at specific intent.[2] When trial counsel disagreed and urged an instruction on attempted rape, the military judge ruled:

> *I'll give the instruction.* I'll give the instruction on circumstantial evidence, both generally and on the issue of intent; *mistake of fact, I'll give both facets as to specific intent crimes and as to general intent crimes.*

(Emphasis added.)

At this point, in reference to the last-emphasized language above, trial counsel interceded. He made reference to a written brief in which he argued that no instruction at all should be given concerning mistake of fact and that, if one was given, the instruction should require that the mistake be both honest and reasonable, not just honest. Defense counsel, of course, argued that an instruction on mistake was appropriate and that, since the charged offense was a specific-intent crime, a mistake need only be honest.

A short while later, after the remainder of the evidence had been heard and he had

---

1. We are unsure how defense counsel reached this view—and why no one else at trial disagreed with it—in light of the clear language of Article 80, Uniform Code of Military Justice, 10 USC § 880, as follows:

> An act, *done with specific intent to commit an offense* under this chapter, amounting to more than mere preparation and tending, even though failing, to effect its commission, is an attempt to commit that offense.

(Emphasis added.) Moreover, while there may be some difference under certain fact patterns between attempted rape and assault with intent to commit rape, typically where an assault is the predicate act, as here, the offenses are the same. *See United States v. Gibson,* 11 MJ 435 (CMA 1981); and n. 4 of this opinion, *infra.* Accordingly, the requisite intent involved, whether general or specific, would be the same. It would seem that counsel's more legitimate objection to including attempted rape as a lesser-included offense here is that it is multiplicious with the charged offense. *See United States v. Gibson, supra.*

2. Even if defense counsel had been correct in his view concerning the nature of the intent involved in attempted rape, his objection is curious in light of the fact that all the other lesser-included offenses cited by the military judge are only general-intent crimes.

taken a brief recess to consider his instructions, the judge ruled as follows:

Okay, I'm going to give the instruction on mistake of fact; however, I will instruct that there must have been an honest and reasonable mistake of fact. I will give that on all of the offenses, with the exception of indecent acts with another.

In due course, the military judge instructed as he had said he would[3]:

Apply this next instruction to the offense[s] of assault with intent to commit rape, attempted rape, indecent assault and assault consummated by a battery. This instruction does not apply to indecent acts with another. This instruction pertains to ignorance or mistake of fact.

The evidence in this trial has raised the issue of mistake of fact on the part of the accused concerning the existence of consent on the part of Kim Myra Herresthal. If the accused mistakenly believed that Miss Herresthal was consenting to his attempt to have intercourse, then he is not guilty of the offenses I enumerated, if his mistake or belief was reasonable. To be reasonable the belief must have been based on information or lack of it which would indicate to a reasonable person that Miss Herresthal was consenting to intercourse.

\* \* \*

Now, the burden is on the prosecution to establish the accused's guilt. If you are convinced beyond a reasonable doubt that at the time of the charged offense and lesser offenses that the accused was not under the mistaken belief that she was consenting to his actions, then the asserted ignorance or mistake does not exist. Even if you conclude that the accused was under the mistaken belief that she was going to consent, if you are convinced beyond a reasonable doubt that at the time of the charged offense the accused's ignorance or mistake was unreasonable, then the defense of ignorance or mistake does not exist.

## II

The issue before us first was addressed by this Court nearly 4 decades ago in *United States v. Short*, 4 USCMA 437, 16 CMR 11 (1954). On that occasion, however, no majority was able to agree on the answer.

There, as here, the accused was charged with assault with intent to rape under circumstances where the assault stopped before actual penetration. He did not deny the incident at his trial, but he explained that he had "thought she was a prostitute" and that they had negotiated agreement on a business arrangement. *Id.* at 440, 16 CMR at 14. At the conclusion of the evidence, defense counsel requested but was denied the following instruction:

In order to constitute an offense, the accused must think victim is not consenting because he must intend not only to have carnal knowledge of the woman but to do so by force.

*Id.* at 441, 16 CMR at 15.

In the lead opinion, Chief Judge Quinn observed that "[t]he assault and the intent may unite to complete the offense before any attempt to effect penetration." Accordingly,

a conviction for assault with intent to commit rape is proper, even though the woman actually consents to the final act. The offense is complete if there is an assault and "at any moment during the

---

**3.** Defense counsel entered no further objection to the nature of this instruction, either at the time when the military judge ruled or when the judge actually delivered the instruction. Although the Government asks us to invoke waiver on this basis, *see* RCM 920(f), Manual for Courts–Martial, United States, 1984, we have no doubt that defense counsel's expressed position and argument on this matter when it first arose adequately preserved Langley's appellate complaint. Moreover, we made clear in *United States v. Taylor*, 26 MJ 127, 128–29 (CMA 1988), that the military judge has a *sua sponte* duty to fully and correctly instruct on elements of the offense and on affirmative defenses reasonably raised by the evidence. Indeed, *Taylor* involved a failure to instruct on honest and reasonable mistake of fact raised in defense to a rape charge. Accordingly, the Government's suggestion of waiver in the absence of "plain error," *see United States v. Fisher*, 21 MJ 327 (CMA 1986), is not well taken.

assault" the accused intends to have carnal knowledge of the victim against her will, and to use, for that purpose, whatever force may be required.

*Id.* at 443–44, 16 CMR at 17–18. In an apparent non sequitur, however, the Chief Judge later analogized assault with intent to rape with rape and, on this basis, concluded that any mistake as to the victim's consent must be both honest and reasonable. He explained:

When consent is in issue, whether or not it was given is a question of fact for the court. It, not the accused, must determine whether the woman's conduct was such as to lead the accused to believe she had consented to his acts. The accused's personal evaluation of the circumstances is but one factor to be considered by the court; it is not conclusive.

*Id.* at 445, 16 CMR at 19.

Judge Latimer concurred in the result with Chief Judge Quinn, but he did not reach the issue addressed in the lead opinion and involved in this case. Instead, he viewed the evidence as presenting a simple question of fact: Was the woman a prostitute who "agreed to the act for a consideration of 500 yen." He did not view the evidence as presenting a possibility that the accused was mistaken in that regard. *Id.*

Judge Brosman dissented from that portion of the lead opinion which concerns us here. He wrote:

Rape—like unpremeditated murder—has ordinarily been treated as requiring only a general criminal intent. Thus, drunkenness, even in excessive degree, would probably not constitute a defense to this crime—that is, as serving to belie the accused's necessary intent. However, assault with intent to commit rape would seem to occupy a quite different position—since the very designation of the offense indicates the requirement of specific intent. Clearly, then, drunkenness could operate to negate the intent required for conviction of such an assault. An *unreasonable* mistake of fact could perhaps not serve to deny criminal liability for a consummated rape. But

could it negative the prerequisites for a finding of guilt of assault with intent to commit rape—just as an unreasonable mistake of fact is said to destroy liability for larceny by false pretenses? *See United States v. Rowan,* 4 USCMA 430, 16 CMR 4.

\* \* \*

It may be regarded as anomalous to conclude that an accused may be exonerated from guilt of assault with intent to commit rape because of an unreasonable mistake, whereas he could have been convicted lawfully of rape had penetration been effected under the same misapprehension. It is to be observed, however, that the anomaly is no greater than that involved in holding that an assault with intent to murder requires a specific intent to kill, whereas the crime of murder may be made out with a lesser intent. *See United States v. Woodson,* 3 USCMA 372, 12 CMR 128. The fact of the matter is that a specific intent is, by definition, required for the present finding. The evidence, in my view, raised the possibility that a mistake of fact on the accused's part precluded that intent.

*Id.* at 446–47, 16 CMR 20–21.

### III

We revisit *Short* in detail here because the views expressed on each side of the present issue by Chief Judge Quinn and Judge Brosman represent, as well, the different views argued on that issue today. We believe that the matter may be resolved by a sensitive examination of precisely what intent is involved in the crime of assault with intent to commit rape, as distinguished from rape.

■ Rape is defined in Article 120, UCMJ, 10 USC § 920, as "an act of sexual intercourse with a female not his wife, by force and without her consent." No specific intent is mentioned in the statute—only general criminal *mens rea* is involved. Accordingly, if an accused mistakenly believed that his victim consented to intercourse, that is not enough. Instead, be-

cause the "mistake goes to ... [an] element requiring only general intent or knowledge, the ignorance or mistake must have existed in the mind of the accused and must have been reasonable under all the circumstances." RCM 916(j), Manual, *supra*.

■ By contrast, assault with intent to commit rape—charged under Article 134 and defined in paragraph 64, Part IV, Manual, *supra*—contains as an expressed element "[t]hat, at the time of the assault, the accused ... intended to commit rape...." Para. 64b(2). "In assault with intent to commit rape, the accused must have intended to overcome any resistance by force, and to complete the offense. Any lesser intent will not suffice." Para. 64c(4). More than a general criminal *mens rea* is involved; instead, the prosecution must affirmatively prove that, at the time of the assault, the accused specifically intended to forcibly accomplish sexual intercourse. As Judge Brosman put it in his separate opinion in *Short*, "[T]he very designation of the offense indicates the requirement of a specific intent." 4 USCMA at 446, 16 CMR at 20.

■ The Court of Military Review in this case relied almost exclusively on that court's earlier opinion in *United States v. McFarlin*, 19 MJ 790, *pet. denied*, 20 MJ 314 (1985). There, the accused had been charged with indecent assault and had claimed mistake of fact as to the victim's consent in his defense. In challenging the military judge's instructions that such a mistake must have been both honest and reasonable, McFarlin urged that it need only have been honest because indecent assault was a specific-intent crime.

The *McFarlin* court correctly noted, however, that the specific intent involved in indecent assault goes only to "the intent to gratify the lust or sexual desires of the accused," not to the offense as a whole. *See* para. 63b(2), Part IV, Manual, *supra*. Thus, any purported mistake as to the victim's consent is not a claim of mistake as to anything about which the accused must have had any specific intent. Instead, such a claim of mistake would tend to negate only his general criminal *mens rea*—his general willingness to do a criminal act.

As we just noted, however, that is not the case in the circumstance of assault with intent to commit rape. This crime involves essentially two components: An *actus reus*—an assault—and a specific *mens rea*—a coexisting specific intent to accomplish "sexual intercourse with a female not his wife, by force and without her consent." Art. 120. The Court of Military Review here, in superimposing its sound reasoning in *McFarlin* as to indecent assault, erred by not recognizing the fundamental difference in the objects of the specific intent: In indecent assault, the intent goes only to the element of gratifying his lust; in assault with intent to commit rape, the specific intent goes to the element that itself includes the entire crime of rape—including taking his victim without her consent.[4]

Chief Judge Quinn took this same misstep in *Short*. As pointed out earlier, he correctly recognized that assault with intent to commit rape "is complete [only] if there is an assault and, [at some point] 'during the assault', the accused intends to have carnal knowledge of the victim against her will, and to use, for that purpose, whatever force may be required." 4

---

4. *See United States v. Hobbs,* 7 USCMA 693, 698, 23 CMR 157, 162 (1957) ("Assault with intent to commit rape consists of an attempt or offer with unlawful force and violence to do bodily harm to another, accompanied by a specific intent to commit rape.... When that crime is compared with the offense of attempted rape, it is at once apparent that the sexual intent is the same in both instances....") *Accord United States v. Gibson, supra. See also United States v. Roa,* 12 MJ 210, 212 (CMA 1982)("Our cases, however, have made it perfectly clear that attempted murder requires a specific intent to kill. Although a serviceperson may be convicted of murder if he commits homicide without an intent to kill, but with an intent to 'inflict great bodily harm,' or while 'engaged in an act which is inherently dangerous to others and evinces a wanton disregard of human life,' these states of mind do not suffice to establish attempted murder." (Citations omitted.)).

USCMA at 444, 16 CMR at 18. That is, it is complete only if there is an assault and, at some point during the assault, the accused intends to commit rape. Later in the opinion, however, he lost track of the full scope of the required intent. But for that slip of the pen, he might well have reached the correct result along with Judge Brosman.

Accordingly, we hold that, in a prosecution for assault with intent to commit rape, at some point during the assault, the accused must have had the specific intent to commit each element of rape. Accordingly, the Court of Military Review erred in affirming the military judge's ruling that appellant's claimed mistake of fact as to his victim's consent must have been both honest and reasonable, instead of just honest.[5]

## IV

■ Citing *United States v. Mance*, 26 MJ 244 (CMA), *cert. denied*, 488 U.S. 942, 109 S.Ct. 367, 102 L.Ed.2d 356 (1988), the Government urges us to find the error here harmless under all the circumstances of this case. To be sure, it is appropriate to apply a harmless-error analysis to instructional errors even of constitutional dimension. *Rose v. Clark*, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986). In *Mance*, we articulated the standard we would use to determine when faulty instructions would be tested for harmlessness:

> [W]hen a judge *omits entirely* any instruction on an element of the charged offense, this error may not be tested for harmlessness because, thereby, the court members are prevented from considering that element at all. In a real sense, the members in such an instance are directed to find that the evidence proves that ele-

ment beyond a reasonable doubt. On the other hand, when a judge's instruction adequately identifies an element to be resolved by the members and adequately requires that the members find the necessary predicate facts beyond a reasonable doubt, then an *erroneous* instruction on that element may be tested for harmlessness.

26 MJ at 255–56.

In this case, the military judge's instructions fully set out the elements of the charged assault with intent to commit rape. His instructions made clear that one of these elements had to do with the victim's lack of consent. Further, as to that aspect of the intended underlying crime, the members were instructed that a mistaken belief that the victim did consent would absolve appellant of liability for his act. In other words, the members properly were focused on all elements of the offense and properly were focused, as well, on the mistake-of-fact defense as to one of those elements.

The only error, then, was in requiring that the mistake be both honest and reasonable, rather than just honest. Surely, under some circumstances, this error might be pivotal. In light of the evidence of record, however, which we need not detail here, we have no doubt that, even if correctly instructed upon, the members would have been no more ready to find the mistake honest than they were to find it honest and reasonable. *See id.* at 256.

## V

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judge COX concur.

---

5. For excellent discussions of this issue, *see* Brown, *Mistake of Fact, Specific Intent, and U.S. v. Langley,* Trial Judiciary Note, The Army Lawyer 33 (Dept. of the Army Pamphlet 27–50–210 (June 1990)); *Mistake of Fact and Sex Offenses,* TJAGSA Practice Notes, The Army Lawyer 65 (DA Pamphlet 27–50–208 (April 1990)).