UNITED STATES, Appellee,

v.

Specialist Patrick W. APILADO, 576–70–0723, United States Army, Appellant.

ACMR 9001937.

U.S. Army Court of Military Review.

28 Feb. 1992.

For Appellant: Captain Brian D. Bailey, JAGC, Captain James M. Heaton, JAGC, Captain Mark L. Toole, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Maria C. Fernandez, JAGC, Captain Robert J. Walters, JAGC (on brief).

Before NAUGHTON, HOWELL and JOHNSTON, Appellate Military Judges.

## OPINION OF THE COURT ON RECONSIDERATION

NAUGHTON, Senior Judge:

Contrary to his pleas, the appellant was convicted by a general court-martial composed of officer and enlisted members of attempted rape and conspiracy to rape in violation of Articles 80 and 81, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 881 (1982) [hereinafter UCMJ]. The convening authority approved a sentence of a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to Private E1.

This Court initially affirmed the findings of guilty and the sentence on 12 September 1991. On 15 October 1991, we granted the appellant's request for reconsideration based upon *United States v. Langley*, 33 M.J. 278 (C.M.A.1991), an opinion that examined the issue of mistake of fact instructions for the specific intent crime of assault with intent to commit rape.

In an Opinion of the Court on Reconsideration dated 26 November 1991, we set aside the findings of guilty and sentence and authorized a rehearing. On 12 December 1991 government appellate counsel filed a Petition for Reconsideration and Suggestion for *En Banc* contending the opinion dated 26 November 1991, incorrectly applied the standards enunciated in *Langley* and erroneously set aside a charge that was not affected by the *Langley* decision. On 31 December 1991 this Court vacated the decision dated 26 November 1991 and granted the government's Petition for Reconsideration, but did not adopt the Suggestion for *En Banc* reconsideration.

Having again looked at the issue, we are convinced that the rule of stare decisis properly obligates this Court to follow the Court of Military Appeals decision in *United States v. Langley*, as the controlling precedent in resolving the instructional issue in the case at bar. Nevertheless, we respectfully urge the Court of Military Appeals to restrict the holding in *Langley* to an assault with intent to commit rape charge and to adopt Judge Johnston's rationale regarding the appropriate instructional standard to be applied in an attempted rape case.

█ In the case *sub judice* the military judge instructed the members that if the accused mistakenly believed that the victim consented to sexual intercourse, then he would not be guilty of attempted rape if his belief was reasonable. Upon reconsideration of the entire record, and in light of the decision of the court in *United States v. Langley*, we have determined that the military judge erred in instructing the members that the affirmative defense of mistake of fact in an attempted rape case requires an "honest and reasonable" belief rather than an "honest" belief that the victim consented to his actions.

█ It is clear that the military judge has a *sua sponte* duty to fully and correctly instruct the members on affirmative defenses reasonably raised by the evidence. *United States v. Taylor*, 26 M.J. 127 (C.M.A.1988). Based on the facts of this case, including the possibility that the appellant waived the issue by agreeing at trial that the instruction required an "honest and reasonable" standard, and in light of part IV of the *Langley* decision, we are satisfied that the failure to correctly instruct on the defense was harmless error. We are convinced that, even if properly instructed upon, the members would have been no more ready to find the mistake honest than they were to find it honest and reasonable. *See United States v. Langley*, 33 M.J. 278, 283 (C.M.A.1991).

Accordingly, the findings of guilty and the sentence are affirmed.

Judge HOWELL concurs.

JOHNSTON, Judge, concurring in result:

In this case we were called upon to decide whether the affirmative defense of mistake of fact in an attempted rape case requires an "honest and reasonable" or merely an "honest" belief by an accused that the victim consented to his actions. In our original opinion dated 12 September 1991 we concluded that the former standard applies. I am not persuaded that the recent decision of the court in *United States v. Langley* alters the correct analysis we applied to the facts of this case in our original opinion.

## I.

The incident that resulted in charges against the appellant for conspiracy to commit rape and attempted rape occurred in March 1990. Upon the conclusion of field exercises in the Republic of Korea, a group of male and female soldiers from Fort Lewis celebrated the end of their overseas deployment by partying at a nightclub outside Camp Humphreys. Specialist P, who was to become the victim of the appellant's sexual advances, participated with abandon and consumed at least ten shots of vodka during the evening. She chased the club's resident dancers from their stage, pulled up her blouse, and imitated their lewd gyrations. She rubbed her leg suggestively against the groin of one soldier, sat in laps of several soldiers, and kissed several others. She then got sick, threw up, and passed out. She was carried by the appellant and others to a nearby hotel room to "sleep it off." She testified at trial that she remembered little of her activities during the evening. She claimed that she awakened at the hotel "hurting inside" from the sexual assaults she apparently suffered.

The appellant gave two different versions of the facts. In a statement to criminal investigators at the time of the incident, the appellant admitted that he did not know the victim or speak to her the evening of the attack. He stated he had only observed her activities at the party without being the beneficiary of any of her overtures. He reported helping the victim from the club, remembered carrying her up five flights of stairs at the hotel to a room, recalled placing her on a bed, watched another soldier undress her, and admitted discussing "running a train" on her (i.e. having sequential sex) with several other soldiers. He unequivocally stated at least three times in the statement that she had passed out and was unresponsive during the activities in the hotel room.

At trial the appellant admitted that he wanted to have sex with the victim, but denied any participation in non-consensual acts. He also admitted that he passed out condoms to two other soldiers so they could have sex with the victim. He claimed that the victim had kissed and "nuzzled" him as he carried her up the stairs of the hotel. He conceded that she did not react when he kissed her on the mouth and breast. Nevertheless, he stated that she voluntarily spread her legs in welcome when he sought to mount her sexually. Other observers in the hotel room noted that the victim's legs were wrapped around him, although it was unclear whether she had lifted them or the appellant was holding her legs in that position. The appellant explained that his testimony at trial was more complete than the partial account he provided to investigators at the time of the incident.

After the presentation of all the evidence, the parties at trial discussed proposed instructions on findings. The military judge stated:

MJ: Now we have—what kind of mistake of fact are we talking about? Just so there is no mistake here. I'm talking about an honest and a reasonable mistake of fact. The mistake—I realize, of course, that this is a specific intent offense, but the mistake is not as to his intent the mistake is as to her consent. And so it would be an honest and a reasonable mistake of fact on his part. Does everybody agree with that?

TC: The government agrees, Your Honor.

DC: Yes, Your Honor.

The military judge instructed the members concerning mistake of fact as follows:

Now, the evidence has raised the issue of mistake on the part of the accused concerning whether the victim consented, in relation to the offense of attempted rape. You are advised that if the accused mistakenly believed that the victim consented—consented to sexual intercourse, he is not guilty of the offense of attempted rape, if his belief was reasonable. To be reasonable, the belief must have been based on information or the lack of it, which would indicate to a reasonable person that the victim consented. The burden is on the prosecution to establish the accused's guilt. If you are convinced beyond reasonable doubt, that at the time of the charged offense, the accused was not under the mistaken belief that the victim consented, the defense of mistake does not exist. Even if you conclude that the accused was under the mistaken belief that the victim consented, if you are convinced beyond reasonable doubt that at the time of the charged offense, the accused's mistake was unreasonable, the defense of mistake does not exist.

The defense counsel did not object to the instruction that the mistake of fact had to be reasonable.

## II.

The appellant contends that he was substantially prejudiced at trial by the military judge's erroneous instruction on the affirmative defense of mistake of fact. Citing *United States v. Daniels*, 28 M.J. 743 (A.F.C.M.R.1989), the appellant urged us to hold that the military judge erred in instructing the members that the appellant's mistake had to be both honest and reasonable to constitute a valid defense. The court concluded that attempted rape is a specific intent crime and that an accused's mistaken belief that the victim consented only needed to be honest in order to excuse his criminal attempt. Thus, according to the appellant, an honest mistake as to the consent of the victim should be a complete defense to attempted rape. In our original opinion in this case we disagreed.

## III.

The recent decision in *United States v. Langley*, 33 M.J. 278 (C.M.A.1991), an opinion that examines the mistake of fact issue in the context of assault with intent to rape, has not persuaded me that Judge Mann erred in his application of the defense or that our initial decision in this case was wrong. The *Langley* analysis should not be applied to a mistake of fact defense for attempted rape without careful consideration of the precise requirements of the defense, the differences in the offenses involved, and the considerations of public policy implicit in adoption of affirmative defenses.

The Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 916(j) [hereinafter R.C.M.] defines the affirmative defense of mistake of fact. It provides in pertinent part:

[I]t is a defense to an offense that the accused held, as a result of ignorance or mistake, an incorrect belief of the true circumstances such that, if the circumstances were as the accused believed them, the accused would not be guilty of the offense. If the ignorance or mistake *goes to an element requiring ... specific intent ... or knowledge of a particular fact,* the ignorance or mistake need only have existed in the mind of the accused. If the ignorance or mistake *goes to any other element requiring only general intent or knowledge,* the ignorance must have existed in the mind of the accused and must have been reasonable under all the circumstances.

R.C.M. 916(j) [emphasis added].

It is important to note that this provision defines the applicability of the "honest" or "honest and reasonable" mistake of fact standards in terms of the *element* that requires "specific intent" or "knowledge of a particular fact" and the *element* requiring "general intent or knowledge" rather than the *offense* as a whole. Thus, it is technically inaccurate under R.C.M. 916(j), for the purpose of deciding which of the two different standards in the affirmative defense of mistake of fact to apply (i.e., "honest and reasonable" or merely "hon-

est"), to say that an offense is a "specific intent crime" without critically examining the individual element or elements of the offense that require specific intent.

As a general rule, an honest and reasonable (i.e., objective) mistake of fact is an affirmative defense to a "general intent crime," R.C.M. 916(j), *United States v. Brown*, 22 M.J. 448 (C.M.A.1986), while an honest (i.e., subjective) mistake of fact is an affirmative defense to a "specific intent crime," *United States v. Turner*, 27 M.J. 217 (C.M.A.1988). The underlying basis for the general rule deserves further scrutiny.

For example, the "honest and reasonable" standard normally applicable to "general intent" crimes clearly applies to the "specific intent" offense of indecent assault. *United States v. McFarlin*, 19 M.J. 790 (A.C.M.R.1985). The specific intent involved in indecent assault goes only to the element of "intent to gratify the lust or sexual desires of the accused" and not to the offense as a whole. *See Langley*, 33 M.J. at 282. The mistake of fact in *McFarlin* "did not relate to the appellant's intent but rather to another element, the presence or absence of the victim's consent." 19 M.J. at 793.

It can be argued that a mistake of fact defense based on an erroneous perception of consent in an *attempted* indecent assault case should be applied no differently than it would be in an indecent assault case. The intent element in both the completed offense and the attempted offense relate to the intent of the accused to gratify his lust rather than to the consent of the victim. A different mistake of fact standard should not be applied merely because the one offense is consummated and the other is not.

It is clear that if the appellant had been charged with rape, a "general intent"

crime, then an honest and reasonable mistake of fact as to the victim's lack of consent would be an affirmative defense. *See United States v. Taylor*, 26 M.J. 127 (C.M.A.1988). Rape is defined in Article 120 as "an act of sexual intercourse with a female not his wife, by force and without her consent." No element of specific intent is mentioned in the statute—only general criminal *mens rea* is involved.[1]

If the accused had been charged with assault with intent to commit rape, a "specific intent crime," then an honest mistake as to consent would have excused his misconduct. *Langley*, 33 M.J. 278. The Manual for Courts–Martial, United States, 1984, [hereinafter MCM] para. 64b(2) defines the second element of assault with intent to commit rape: "[t]hat at the time of the assault, the accused intended to ... commit rape...." The Manual explains that an assault with intent to commit rape "is not necessarily the equivalent of an attempt to commit the intended offense, for an assault can be committed with intent to commit an offense without achieving that proximity to consummation of an intended offense which is essential to attempt." MCM, 1984, para. 64c(1). The Manual further defines the intent element for assault with intent to commit rape as follows:

> [t]he accused must have intended to overcome any resistance by force, and to complete the offense. Any lesser intent will not suffice. No actual touching is necessary, but indecent advances and importunities, however earnest, not accompanied by such an intent, do not constitute this offense, nor do mere preparations to rape not amounting to an assault.

MCM, 1984, para. 64c(4).

The repeated emphasis in the Manual on the specific intent of the accused at the time of the assault with intent to commit

---

**1.** This is true even though the act, i.e., penetration of the accused's penis into the woman's vagina by force and without her consent, clearly involved highly specific, volitional acts by the accused. For sound reasons of public policy, the mental state involved with the crime is categorized as "general intent," i.e., a general willingness to do a criminal act.

The crime of rape as defined by Article 120, 10 U.S.C. § 920 does not include as an element any requirement that the accused have knowledge of the lack of consent. In this regard, the availability of a defense based on an "honest and reasonable mistake" as to consent is a matter of public policy.

rape shows the gravamen of the offense: the perverted state of mind at the time of the assault. An assault committed with this depraved state of mind may be punished by confinement for up to twenty years, while an assault consummated by a battery may be punished by only six months' confinement. As the court in *Langley* noted, the prosecution must prove that "at the time of the assault, the accused specifically intended to forcibly accomplish sexual intercourse." *Id.* at 282. It is evident that the perverted state of mind cannot exist if the accused honestly believes the victim has consented to his actions.

The gravamen of attempted rape, on the other hand, is "an act ... amounting to more than mere preparation and tending, even though failing, to effect its commission." MCM, 1984, para. 4.a.(a). The act in an attempted rape must be accompanied by the requisite state of mind, i.e., an intent to commit acts amounting to rape. It is the "proximity to consummation" of the intended rape which is essential to the attempt. As persuasively urged by Judge Cook, the "specific intent" required by Article 80 "is not to perpetuate a named delict as such, but an intent to commit acts that would legally constitute an offense." *United States v. Roa*, 12 M.J. 210, 214 (C.M.A.1982) (concurring in the result).[2]

Categorizing an attempted rape offense as a "specific intent crime" and then con-cluding that an honest mistake will raise an affirmative defense represents a mechanical application of a broad general rule rather than a careful analysis of the issue. The analysis must look, in accordance with the explicit requirements of R.C.M. 916(j), to the element or elements of the crime that require specific intent.

It can be argued that the correct approach for determining whether the "honest" or "honest and reasonable" standard applies is to examine the individual elements of the underlying offense rather than merely characterizing the attempted offense as a "specific intent crime" for which an "honest" mistake would be an absolute bar to conviction.

The offense involved in an attempted rape is the crime of rape, not merely an attempted act. Professor LaFave has noted that "the crime of attempt does not exist in the abstract, but rather exists only in relation to other offenses; a defendant must be charged with an attempt to commit a specifically designated crime, and it is to that crime one must look in identifying the kind of intent required." W. LaFave & A. Scott, Jr., *Handbook on Criminal Law* 429 (1972). As the offense of rape has no individual element that requires "specific intent," the "honest and reasonable" mistake of fact standard must apply. Thus, in this case, the general intent rape offense that was attempted provides the standard

---

2. Judge Cook's concurrence in the result in *Roa* clearly demonstrates the lack of sound judicial reasoning and absence of legal precedent for the proposition that attempt offenses are automatically "specific intent" crimes. Any judge or counsel reviewing the issue of "specific intent" should study carefully Judge Cook's well-reasoned views to see where other opinions have gone astray in categorizing an offense as a "specific intent crime" where the elements of the underlying attempted offense either have no specific intent provisions or provisions of that do not relate to the issue before the court.

Unfortunately, the area has been muddled by poorly reasoned opinions. As Professor Kadish has noted, "[t]he term *specific intent* has been productive of untold confusion, partly because courts have not been consistent in their use of it and partly for the more fundamental reason that it is often quite difficult to determine whether a statute should be interpreted to re-quire *specific intent* ... [i.e. the concept of a true purpose]." S. Kadish, S. Schulhofer & M. Paulsen, *Criminal Law* 277 (1983).

For example, in *United States v. Polk*, 48 C.M.R. 993 (A.C.M.R. 1974) the court reversed an attempted rape case by purporting to compare a "generalized desire for gratification" in rape with the "specific intent to have sexual intercourse ... by force and without her consent" in an attempted rape. In that case, the accused tried repeatedly to convince the victim to voluntarily have sex with him. She did not, so he departed without an attempt to accomplish his desire by force. Unfortunately, the court characterized the failure of proof as lack of specific intent for the attempt. A better analysis would have been to recognize that, under the circumstances, the actions taken did not amount to more than "mere preparation" for the attempt, rather than a bona fide attempt that lacked specific intent.

to apply in recognizing the mistake of fact defense.

## IV.

There are also strong public policy reasons for insisting that the "honest and reasonable" mistake of fact standard applies to an attempted rape charge just as it does to the offense of rape. The law should be interpreted in such a way that it imposes a duty upon men to act reasonably before attempting to engage in sex, and to punish them when they violate that duty. This duty requires that men open their eyes and use their mind when viewing all the circumstances affecting the element that deals with force and lack of consent in the case of rape. *See* Estrich, *Rape*, 95 Yale L.J. 1087 (1986).

In this case the appellant had discussed with others the gang rape of the victim. Indeed, he supplied the condoms for the participants in the attack. When his turn came, he positioned himself between her legs and attempted to enter her vagina with his penis. At trial he claimed that he did not consummate the act and there was no evidence of penetration. He defended his actions on the theory that the victim's actions immediately prior to his efforts at penetration demonstrated *to him* that she consented to his act, i.e., that he honestly believed she consented. That belief, even if subjectively honest, was patently unreasonable under all the circumstances.

Under circumstances such as in this case, where the only difference between rape and attempted rape is a final thrust by the accused to achieve penetration, it makes little sense to apply an objective reasonableness standard to the one offense and a subjective belief standard to the other. The practical effect of applying different standards under these circumstances may

be confusion about the law and contempt for a system that exalts legal distinctions that have no basis in practical human experience.[3] As Justice Holmes asserted, "the life of the law is not logic but experience." O. Holmes, *The Common Law* 1 (1881). Practical human experience demands that the type of sexual behavior evidenced in this case be evaluated in terms of "honest and reasonable" mistake of fact standards. To apply the lesser standard of an honest belief, even if that belief is objectively unreasonable, could excuse reprehensible conduct that threatens good order and discipline in the military forces.

---

3. Judge Brosman's attempt in his dissent in *United States v. Short*, 16 C.M.R. 11 (C.M.A. 1954) to explain the "anomalous" result of applying different mistake of fact standards to similar acts rests on a flawed comparison with an accused's state of mind in a murder trial. The specific intent to kill necessary for an assault with intent to commit murder charge and the general intent required for murder are not comparable in any way to an accused's possible misperceptions of the victim's state of mind. The homicide offenses examine the accused's acts and state of mind. Whether or not a homicide victim consented is irrelevant. The accused's perception of consent is crucial, *and identical,* however, in a rape or attempted rape case.