UNITED STATES, Appellee,

v.

Specialist Thomas G. YARBOROUGH, 251–47–0142, United States Army, Appellant.

ACMR 9201378.

U.S. Army Court of Military Review.

3 Feb. 1994.

For Appellant: Captain Robin N. Swope, JAGC, Captain Robert L. Carey, JAGC, Captain Victor A. Tall, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major James L. Pohl, JAGC, Captain Glenn L. Kirschner, JAGC, Major Paul E. Jordan, JAGC (on brief).

Before GRAVELLE, JOHNSTON and BAKER, Appellate Military Judges.

## OPINION OF THE COURT

BAKER, Judge:

The appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of carnal knowledge and adultery, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934 (1988) [hereinafter UCMJ]. Contrary to his pleas, he was found guilty of rape, in violation of Article 120, UCMJ.[1] He was sentenced to a dishonorable discharge, confinement for eight years, forfeiture of all pay and allow-

---

1. In announcing his findings, the military judge found carnal knowledge and adultery "unduly multiplicious" with rape and merged the language of all three into a single specification: "In that [the appellant], a married man, did at Fort Drum, New York, rape [H], a 13–year–old child." This court recently indicated that carnal knowledge is not multiplicious with rape for findings. *United States v. Bell*, 38 M.J. 523 (A.C.M.R.1993) citing *United States v. Teters*, 37 M.J. 370 (C.M.A. 1993). However, considering legislative intent, adultery may still be multiplicious with rape even after *Teters*. *See United States v. Hickson*, 22 M.J. 146 (C.M.A.1986). Given the uncertainty in this area since *Teters*, the military judge's resolution of multiplicity in this case was not inappropriate.

ances, and reduction to Private E1. The convening authority approved the adjudged sentence.

■ The appellant contends, inter alia, that the evidence in this case was insufficient to support a conviction for rape. We disagree.

In a stipulation of fact the appellant, a 23–year–old married soldier, conceded most of the salient facts in this case. The appellant's wife had arranged for H, a 13–year–old friend, to stay in their government quarters when it appeared she would be alone for the weekend. H was in eighth grade, weighed 106 pounds, and was a virgin. After the appellant's work schedule changed, all three watched an "R" rated movie and then, while drinking rum and coke, played strip poker for approximately two and a half to three hours. H, who had never been drunk before, consumed approximately seven drinks, each with approximately an inch and a half of rum in a six- or eight-ounce glass. During the game, H got dizzy and vomited. Later all three, by then naked, ended up in the bedroom. While his wife watched and played cards, the appellant had sexual intercourse with H.

H testified that she was not able to recall portions of the night's events but did remember waking up with the appellant on top of her with his penis inside her vagina, that this "hurt real bad," and that she told him to stop. The appellant, on the other hand, testified that mutual "chemistry" developed during the course of the evening, that H said "Yeah" when he asked—several times—if she "wanted to do it," that he used no physical force with her, and that she actively participated in intercourse.

■ Our test for legal sufficiency is whether, considering the evidence in the light most favorable to the prosecution, a reasonable fact finder could have found all the essential elements beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). When a defense is raised, the test includes whether the reasonable fact finder could have found that the defense did not exist beyond a reasonable doubt. Rule for Courts–Martial

916(b) [hereinafter R.C.M.]. Pursuant to Article 66, UCMJ, we also test for factual sufficiency—whether, after weighing the evidence and making allowances for not having personally observed the witnesses, we ourselves are convinced beyond a reasonable doubt of guilt. *United States v. Turner,* 25 M.J. 324 (C.M.A.1987).

The only element of rape at issue in this case was whether the act of sexual intercourse was done by force and without consent. Little, if any force was involved other than that incident to sexual intercourse and the appellant insisted he received verbal consent. In these circumstances, the defense of mistake of fact was also fairly at issue.

■■ While often difficult to apply, the law in this area is well settled. Ordinarily, consent may be inferred if the victim "fails to make her lack of consent reasonably manifest by taking such measures of resistance as are called for by the circumstances...." Manual for Courts–Martial, United States, 1984, Part IV, para. 45c(1)(b). Consent, however, may not be inferred where the victim is "unable to resist because of the lack of mental or physical faculties." *Id.* In such a case, "the force involved in penetration will suffice." *Id.* Finally, because rape is a general intent offense, if mistake of fact as to lack of consent is raised, the government must prove either that the mistake was not honest (i.e., there was no mistake) or that it was not reasonable. R.C.M. 916(j). *See United States v. Langley,* 33 M.J. 278, 281–282 (C.M.A.1991) (distinguishing assault with intent to commit rape).

In this case the military judge specifically found that H "had become so intoxicated that she would not have been able to resist or to consent either physically or mentally, had she been even aware of the attempted sexual intercourse." Considering the totality of the circumstances, to include H's tender years and her inexperience with both alcohol and sex, we agree. Under these circumstances, consent could not be inferred from her failure to resist and the force involved in penetration was sufficient for conviction. We find lack of consent—even if H mumbled "Yeah." Further, even if the appellant was honestly mistaken as to her lack of consent,

we find his mistake of fact was unreasonable. We note that the military judge specifically found that H's testimony was believable and that, although corroborated by his wife, the appellant's testimony was unbelievable. We have no hesitation in deferring to the military judge's assessment of credibility. We are convinced beyond a reasonable doubt that the appellant raped H.

We have reviewed the remaining assignments of error and find no merit in them. In this regard, we specifically find that H's testimony that she did not "remember anything until [she] woke up" with appellant on top of her did not contradict the stipulation of fact. While the stipulation was that H passed out after sexual intercourse, this did not rule out the possibility that she fell asleep or passed out earlier.

Finally, we have reviewed the errors personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and likewise find no merit in them.

The finding of guilty and the sentence are affirmed.

Senior Judge GRAVELLE and Judge JOHNSTON concur.