**UNITED STATES**

v.

**Steven D. GINTER, 269 78 3041**
**Machinist's Mate Third Class**
**(E–4), U.S. Navy.**

**NMCM 91 2432.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 11 Jan. 1991.

Decided 11 Sept. 1992.

LT NANETTE M. DeRENZI, JAGC, USN, Appellate Defense Counsel.

CDR HOWARD C. COHEN, JAGC, USNR, Appellate Defense Counsel.

LT MATTHEW L. KRONISCH, JAGC, USNR, Appellate Defense Counsel.

LCDR LAWRENCE W. MUSCHAMP, JAGC, USN, Appellate Government Counsel.

Before WILLEVER, C.J., and
STRICKLAND and ORR, Senior Judges.

ORR, Senior Judge:

Contrary to his plea, the appellant was convicted of attempted rape in violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880, as a lesser included offense of the original charge of rape. The court, composed of officer and enlisted members, adjudged a sentence of confinement for 18 months, forfeiture of all pay and allowances, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged. Before this Court, the appellant assigns seven errors in the conduct of his trial.[1] We will address these assertions seriatim.

## I.

 Near the end of his instructions on the merits of the case, the military judge advised the members that they were not to consult the Manual for Courts–Martial or any other legal publication during the course of their deliberations. At the conclusion of the judge's instructions and in reference to them, the president of the court asked: "The papers that you were reading from, which provided us the guidance we're supposed to use, we can't even use that?" Record at 505. The judge responded: "That's correct. I think you'll

---

1. I. THE MILITARY JUDGE ABUSED HIS DISCRETION WHEN HE REFUSED THE PRESIDENT'S REQUEST THAT THE MEMBERS BE PROVIDED WRITTEN COPIES OF THE INSTRUCTIONS.
II. THE MILITARY JUDGE ERRED IN REQUIRING THE MEMBERS TO RETURN A VERDICT OF ACQUITTAL BEFORE EVEN CONSIDERING A LESSER INCLUDED OFFENSE.
III. THE DEFINITION OF "REASONABLE DOUBT" WITH ITS REFERENCE TO "MORAL CERTAINTY" IS ERRONEOUS. MOREOVER, THE STANDARD OF REASONABLE DOUBT AS DEFINED WOULD HAVE CONFUSED THE MEMBERS IN REGARD TO THE CRUCIAL ISSUE OF HONEST, MISTAKEN BELIEF.
IV. THE MILITARY JUDGE ERRED BY REJECTING APPELLANT'S REQUEST FOR AN INSTRUCTION ON THE ALLEGED VICTIM'S FAILURE TO MAKE A FRESH COMPLAINT.
V. THE MILITARY JUDGE RENDERED CONFUSING INSTRUCTIONS ON THE PRIMARY ISSUE IN REGARD TO ATTEMPTED RAPE, NAMELY, WHETHER APPELLANT'S MISTAKEN BELIEF WAS HONEST.
VI. THE CUMULATIVE IMPACT OF THE FOREGOING ERRORS CONSTITUTED BOTH PLAIN ERROR AND PREJUDICE TO APPELLANT.
VII. A TWO–THIRDS VERDICT IN A SIX–MEMBER COURT–MARTIAL DENIED APPELLANT DUE PROCESS.

find when you get into closed session deliberations that others will remember parts that others didn't...." *Id.* No comment was made by either the trial counsel or the defense counsel, and the issue of providing a written copy of the judge's oral instructions was not raised again. The appellant contends that the military judge's failure to provide a written copy was an abuse of discretion which amounted to plain error.

The Manual for Courts–Martial states that "[i]nstructions on findings shall be given orally on the record in the presence of all parties and the members. Written copies of the instructions, or, unless a party objects, portions of them, *may* also be given to the members for their use during deliberations." Rule for Courts–Martial (R.C.M.) 920(d), Manual for Courts–Martial, United States, 1984, (MCM) (emphasis added). There is no relevant discussion of this portion of the Rule in the MCM. The drafter's analysis of R.C.M. 920(d), however, includes the statements: "The second sentence of this subsection permits the use of written copies of instructions without stating a preference for or against them.... Giving written instructions is never required...." *Analysis,* R.C.M. 920(d), App. 21, MCM, 1984, A21–60.

We have not found and the appellant has not cited any case holding that a judge's refusal to provide members or jurors written copies of oral instructions amounted to an abuse of discretion, much less that such a refusal constituted plain error. In addition, we are not persuaded, as the appellant contends in his argument on this issue, that the judge's remarks in reply to the president's inquiry were so strongly stated that if the members were at all confused by the oral instructions they would not have at least requested the instructions be repeated orally. The military judge did advise the members that, if during their deliberations they had any questions, they should notify him. Record at 504. In the absence of any such request, question, or other indication that the members were in

any way confused by the instructions, we find no abuse of discretion even though we may have been inclined to grant the president's implied request after discussion with and possible objection by counsel.[2]

## II.

■ The appellant's next four assignments of error attack various aspects of the military judge's instructions on the merits. In his second assignment, the appellant points to the military judge's instructions concerning the lesser included offenses:

> The court is further advised that the offense of attempted rape is a lesser included offense of the offenses [sic] set forth in the Specification of the Charge. When you vote, if you find the accused not guilty of the offense charged, that is the offense of rape, then you should consider the lesser included offense of attempted rape, in violation of Article 80.
>
> . . . .
>
> The court is further advised that the offense of indecent assault is a lesser included offense of the offense of rape. It is a lesser included offense of less severity than attempted rape. When you vote, if you find the accused not guilty of the lesser included offense of attempted rape, then you should consider the lesser included offense of indecent assault, in violation of Article 134.

Record at 495–96. These instructions are not novel but were essentially extracted from paragraph 2–28 of the current Military Judge's Benchbook, Department of the Army Pamphlet 27–9 (May 1982) 2–33 ("Benchbook"). When the military judge came to his instructions on the procedure for voting on findings, he told the members:

> If a finding of not guilty is made, vote next on the lesser included offenses in order of decreasing severity. As I'll explain the elements to you, that would be, after full and fair, and free discussion,

---

2. A court-martial is an adversarial process, and it does not escape our attention that, as a tactical matter, the trial defense counsel may not have wanted the military judge to provide the members with written copies of his oral instructions. The defense counsel here certainly had the opportunity to request that copies be provided if she had wanted to do so.

and a vote is called for, you would vote on the charge and specification. If that results in fewer than four votes [among the six members] for guilt, then you'd have a full and free, and fair discussion regarding the lesser included offense of attempted rape. And when a vote is called for, you would vote, and if that results in fewer than four votes for conviction, that's a not guilty of attempted rape, then you would have a discussion regarding indecent assault. And when a secret written ballot is called for, if there are fewer than four votes for guilt, then that's an acquittal of the charges in this court-martial.

Record at 503. The first and the last sentence of this paragraph of instructions are also from the Benchbook, ¶ 2–30 at 2–35.

No objection was made to any of these instructions, but the appellant now complains that this language restricted the members from discussing or considering the two lesser included offenses until after they had voted on the charged offense. In support of this contention, he points to R.C.M. 921(c)(5), which provides:

Members shall not vote on a lesser included offense unless a finding of not guilty of the offense charged has been reached. If a finding of not guilty of an offense charged has been reached the members shall vote on each included offense on which they have been instructed, in order of severity beginning with the most severe. The members shall continue the vote on each included offense on which they have been instructed until a finding of guilty results or findings of not guilty have been reached as to each such offense.

The appellant points out that the operative verb in the preceding Rule is "vote," while the military judge used the verb "consider" in his instructions. The appellant then quotes the California Supreme Court:

Instructions should not suggest that a not guilty verdict must actually be returned before jurors can consider remaining offenses. Jurors may find it produc-

tive in their deliberations to consider and reach tentative conclusions on all charged crimes before returning a verdict of not guilty on the greater offense. They may return verdicts of not guilty of the greater and guilty of a lesser included offense at the same time, by simultaneously returning to the court the appropriate verdict forms.

*People v. Kurtzman,* 46 Cal.3d 322, 250 Cal.Rptr. 244, 253, 758 P.2d 572, 581 (1988).

We are not persuaded by this language, however, that an error has occurred in this court-martial. As may be discerned from a complete reading of the California Supreme Court's opinion in *Kurtzman,* the State of California requires a unanimous decision for a guilty finding and a unanimous decision for a not guilty finding. A deadlock on a charged offense, with neither a unanimous vote for guilt nor for acquittal, could preclude any discussion and consideration of a lesser included offense which, if considered and a conclusion reached, might resolve the deadlock on the greater offense. There are obvious societal interests in avoiding a mistrial even when a jury is in disagreement on the charged offense, and if the State of California wishes to avoid possible mistrials by encouraging discussion, consideration, and even voting on lesser included offenses (even though an actual verdict cannot be entered until agreement has been reached on the charged offense) that jurisdiction may certainly adopt such a rule. Voting procedure under military law, however, precludes mistrials since if the required majority of the members fails to agree on guilt, the accused is automatically acquitted of that offense. Article 52, UCMJ, 10 U.S.C. § 852.

Given the comparative ease with which a not guilty determination can be reached under military law, we do not share the same concerns as the California Supreme Court in this situation even if the instructions to the members in this court-martial were identical to the judge's in Kurtzman's trial.[3] However, the use of the verb "con-

---

3. The trial judge in *Kurtzman* at one time told the jury:

I am going to ask you to go back and deliberate on the question of murder in the first

sider" in the Benchbook instructions on voting and in the military judge's instructions in the trial before us does not approach the emphasis of the trial judge in *Kurtzman.*

The military judge also instructed the members: "Your deliberations should properly include a full and free discussion of all the evidence that has been presented. After you have completed your discussion, then voting on your findings must be accomplished by secret written ballot...." Record at 502–03. We think that this instruction clearly indicated to the members that they could freely discuss all aspects of the case on the merits before voting, but once a vote was called for, a particular structure applied in the sequence in which votes were to be taken.

In light of the fact that the appellant was actually acquitted of the charged offense and found guilty of a lesser included offense, we find little justification for the appellant's contention that the members were confused by ambiguous direction from the military judge. Even with the judge's ad hoc instruction about a full and free discussion of each lesser included offense after a vote on the charged offense, we find no basis to indicate either that the members were confused as to any aspect of their deliberations or that the appellant suffered any prejudice.

### III.

■ In the appellant's third assignment of error, he objects to the reference to "moral certainty" in the military judge's instruction on reasonable doubt. The instruction given is that provided in the Benchbook, ¶ 2–29.1 at 2–34. The appellant cites *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), in support of his objection. Although the phrase "moral certainty" was used in the Louisi-

ana instruction defining reasonable doubt, the U.S. Supreme Court based its reversal of Cage's conviction both on the use of other terms suggesting a higher degree of doubt than required by the reasonable doubt standard and on the combination of those other terms with the phrase "moral certainty." Those other terms, to the extent they were ever in the standard military justice instruction, are not found in the Benchbook instruction on reasonable doubt since the Court of Military Appeals' decisions in *United States v. Salley,* 9 M.J. 189 (C.M.A.1980), and *United States v. Cotten,* 10 M.J. 260 (C.M.A.1981).

As part of this third assignment, the appellant also complains that the definition of reasonable doubt in the military judge's instructions could have been confused by the members with the judge's instructions on the elements of attempted rape and the defense of mistake of fact. Since the mistake, no matter how unreasonable, need only be honest to constitute a defense, the appellant asserts that the members may have been misled or confused by the instruction on reasonable doubt, at page 502 of the record of trial, following the instruction on the definition of an honest mistake of fact, at page 498 of the record. The latter instruction concerns possible defenses raised by the evidence, while the former deals with the standard for evaluating evidence and the burden of proof. We fail to discern any reasonable possibility that the members may have confused these instructions, which were not given in proximity to each other and were conceptually dissimilar. This conclusion must have been shared by the trial defense counsel, who voiced no objection to either the substance of either of the two instructions or the sequence or proximity in which they were given.

degree. I want you to come back to me and tell me if you agree or disagree on that issue.... Before you get to the other lesser included offenses, I want to find out if you have unanimously agreed on the original charge, which is murder in the first degree.... [T]ell me what the status is on the one charge before we go to the lesser ones.

*Kurtzman,* 250 Cal.Rptr. at 247, 758 P.2d at 575. Later, the trial judge told the jury foreman: "You understand that I wanted you to deliberate on that issue [second degree murder] and that issue alone?" *Id.*

## IV.

■ The appellant's fourth assignment of error concerns the failure of the victim to complain of the appellant's sexual attack for several weeks after the incident occurred. The victim did not lodge a complaint until after her supervisor confronted her about what he perceived was the victim's increased sensitivity and short-temper at work. The defense counsel asked for the following instruction: "You have heard evidence that ... [the victim] failed to report the alleged offense for fourteen days. You may consider this lack of fresh complaint as it relates to the credibility of the testimony of this witness." Appellate Exhibit XXXV. The military judge declined to give the instruction and made the following comments in the context of describing an R.C.M. 802 conference where the instruction was discussed:

> I believe our discussions were that the government feels that changes in the Manual indicate that the members are not instructed on evidentiary matters[.] [T]hey take the evidence that comes. They would get limited instruction if there is limited use of some evidence upon request of counsel, but otherwise they use evidence for all purposes.... Defense counsel is free to argue the inference that can be drawn ... from the lack of the so called fresh complaint, but it is not a matter of defense. It is only a matter in how to view the evidence....

Record at 469.

The only precedent the appellant cites in support of this assignment of error is the 25 year-old decision, *United States v. Flippen*, 16 U.S.C.M.A. 622, 37 C.M.R. 242 (1967), from which the trial defense counsel derived her proposed instruction. The Government's reply points out that the role of fresh complaint or the lack thereof in sexual offenses under military law has changed significantly since that era and cites *United States v. Sandoval*, 18 M.J. 55 (C.M.A. 1984).

We note that the appellant does not assert that the lack of fresh complaint constitutes a defense. Rather, he argues that the requested instruction deals with the issue of consent, that consent or the lack thereof may be based upon inferences, and therefore, the requested instruction falls within the ambit of R.C.M. 920(e), which provides, in relevant part: *"Required instructions.* Instructions on findings shall include ... [s]uch other explanations, descriptions, or directions as may be necessary and which are properly requested by a party...." The discussion following this portion of the Rule adds: "Other matters which may be the subject of instruction in appropriate cases include: inferences...." Discussion, R.C.M. 920(e), MCM, 1984.

We also note that R.C.M. 920(c) provides, in part: *"Requests for instructions.* At the close of the evidence or at such other time as the military judge may permit, any party may request that the military judge instruct the members on the law as set forth in the request...." The discussion of this portion of the Rule states: "If an issue has been raised, ordinarily the military judge must instruct on the issue when requested to do so. The military judge is not required to give the specific instruction requested by counsel, however, as long as the issue is adequately covered in the instructions." Discussion, R.C.M. 920(c), MCM, 1984.

■ Despite the appellant's contention, we read the requested instruction to be addressing the question of the victim's credibility. It does not mention the issue of consent, much less the use of inferences. The military judge gave instructions for evaluating the credibility of witnesses, including that of the victim, based upon the Benchbook instruction, ¶ 7–7 at 7–9. The long-established test for determining whether a military judge has abused his discretion in refusing to give a requested instruction is: (a) whether the requested instruction is itself a correct charge; (b) whether it is substantially covered in other instructions that were given; and, (c) whether it is on such a vital point of the case the failure to give it deprived the accused of a defense or seriously impaired the effective presentation of a defense. *United States v. Winborn*, 14 U.S.C.M.A. 277, 282, 34 C.M.R. 57, 62 (1963). On the

latter two points, the appellant's contention fails. Although the judge did not mention lack of fresh complaint among the factors to be considered, we find that the issue of the victim's credibility was adequately covered by the instructions given. In addition, the appellant was free to argue the weight to be given the testimony of the victim in light of her delay in reporting the incident, and we do not find any impairment of the appellant's presentation of his defense of mistake of fact by the military judge's failure to give the requested instruction. Consequently, we find that the military judge did not abuse his discretion in declining to give additional instruction requested by the defense.

### V.

■ In the appellant's fifth assignment of error, the military judge instructed the members about the issue of mistake relative to the lesser included offense of attempted rape, and he told the members that since attempted rape was a specific intent offense, if the accused had the mistaken belief that the victim was consenting to the attempt at sexual intercourse at the time of the offense then he could not be found guilty of attempted rape. The military judge then explained:

> The mistake, no matter how unreasonable it may have been, is a defense. In deciding whether the accused was under the mistaken belief that ... [the victim] was consenting to the attempted intercourse, you should consider the probability or improbability of the evidence presented on the matter. You should consider the accused's age, education, and experience, along with the other evidence on this issue.
>
> The burden is always on the prosecution to establish the guilt of the accused. Therefore, you may not find the accused guilty of the offense of attempted rape, unless you are convinced beyond a reasonable doubt that at the time of the alleged [sic] offense of attempted rape, the accused was not under the mistaken belief that ... [the victim] was consenting to the attempted intercourse.

Record at 498. This instruction was also extracted from the Benchbook, ¶ 5–11 at 5–21.

From the fact that the military judge used the appellant's age, education, and experience as considerations for the members in assessing whether the appellant's belief was merely honest relative to the offense of attempted rape, the appellant argues first that "age, education, and experience have little, if any, impact" on assessing a merely honest mistake. Secondly, he argues that the language concerning "the probability or improbability of the evidence presented" suggests a preponderance scale rather than the standard of reasonable doubt. He offers neither a basis nor any precedent for these conclusions, and no objection to this instruction was made at trial.

We disagree with the appellant on both points. We think the age, education and experience of the appellant are permissible considerations in evaluating whether the appellant's belief was subjectively honest, and we do not read the reference to the probability or improbability of the evidence as suggesting a standard of proof, particularly since the reference was immediately followed by a recitation of the applicable standard. Even if we agreed with the appellant's arguments, which we expressly do not, we would find any error or ambiguity caused by these references to be harmless. *United States v. Langley*, 33 M.J. 278, 283 (C.M.A.1991).

### VI.

In light of the foregoing, we need not address the appellant's sixth assignment of error. The seventh assignment is without merit. *United States v. Shroeder*, 27 M.J. 87 (C.M.A.1988), *cert. denied*, 489 U.S. 1012, 109 S.Ct. 1121, 103 L.Ed.2d 184 (1989).

The findings of guilty and the sentence as approved on review below are affirmed.

Chief Judge WILLEVER and Senior Judge STRICKLAND concur.