UNITED STATES, Appellee

v.

Jesse M. COWAN, Seaman Apprentice
U.S. Navy, Appellant.

No. 94–1079.
CMR No. 91 1767.

U.S. Court of Appeals for
the Armed Forces.

Argued May 16, 1995.

Decided Sept. 22, 1995.

For Appellant: *Lieutenant Commander Howard B. Goodman,* JAGC, USN (argued); *Lieutenant Philip Sundel,* JAGC, USNR (on brief); *Lieutenant David P. Sheldon,* JAGC, USNR.

For Appellee: *Lieutenant David M. Harrison,* JAGC, USN (argued); *Colonel J. Composto,* USMC, *Commander S.A. Stallings,* JAGC, USN, *Major Laura L. Scudder,* USMC (on brief); *Captain A. Diaz,* USMC.

## Opinion of the Court

GIERKE, Judge:

1. Appellant was charged with unpremeditated murder of another sailor, in violation of Article 118, Uniform Code of Military Justice, 10 USC § 918, "by means of stabbing him with a knife, and by wrongfully, intentionally, omitting to render timely assistance after HTFN [Hull Technician Fireman] Hernandez had been stabbed." Appellant pleaded not guilty. The general court-martial, composed of officer members, convicted him of the lesser offense of involuntary manslaughter, in violation of Article 119, UCMJ, 10 USC § 919. The approved sentence provides for a dishonorable discharge, confinement for 3 years, partial forfeitures for 24 months, and reduction to the lowest enlisted grade.

2. The Court of Military Review[1] affirmed the conviction of involuntary manslaughter but dismissed as "superfluous" the portion of the findings relating to the failure to render timely assistance. They affirmed the sentence with a minor modification of the forfeitures. 39 MJ 950, 956 (1994).

3. We granted review of the following issue:

WHETHER, IN ITS SPLIT OPINION, A MAJORITY OF THE LOWER COURT ERRED WHEN IT FOUND HARMLESS ERROR WHEN THE MEMBERS WERE GIVEN CONFUSING AND CONTRADICTORY INSTRUCTIONS WHICH ADVANCED TWO THEORIES OF CRIMINAL LIABILITY.

We hold that the military judge's instructions were erroneous, but that the error was harmless beyond a reasonable doubt.

### Factual Background

4. Appellant and Hernandez were friends. On the date of Hernandez' death, appellant and Hernandez had been drinking heavily. After they returned to their barracks, Hernandez went to his room and fell asleep. A short time later, appellant attempted to awaken Hernandez but was unsuccessful. Appellant became upset and was heard to remark that "he did not like drunks."

5. After spending some time alone with Hernandez, appellant rushed out of the room and called for an ambulance. Emergency medical personnel immediately responded and found Hernandez on his bunk, unconscious and bleeding. His blood "had soaked through the mattress and had formed a puddle" under the bunk. Hernandez was pronounced dead a short time later.

6. Hernandez was found to have "several long superficial" scratches on his body. Expert witnesses opined that the scratches "were inflicted by dragging a razor or sharp knife" over the skin. "There were also shallow puncture wounds" on Hernandez' torso, arm, and leg. Death was caused by a wound in the thigh that had "punctured the femoral artery and vein," causing Hernandez to bleed to death. *See* 39 MJ at 952–53.

7. After all the evidence had been submitted to the members, the military judge held an Article 39(a) session to discuss instructions. One of the issues was whether the members were required to find both the act of stabbing and the failure to render assistance in order to convict. The military judge opined that "it does not have to be both." He believed that the members "could find the accused guilty of the charge or a

1. *See* 41 MJ 213, 229 n. * (1994).

lesser offense by [ex]cepting either the act or the failure to act."

8. The military judge's instructions on the elements of the offense and the lesser-included offenses were inconsistent. He instructed several times that it was necessary to find both the stabbing and the failure to render assistance to convict. (R. 383, 384–85, 386, 387, and 388). Other times he instructed that they only needed to find the stabbing or the failure to render assistance to convict. (R. 386, 388, 393, and 397).

9. The military judge was consistent, however, when he instructed on voting procedures. When he explained the findings worksheet, he instructed the members that they could find appellant guilty based on either the act of stabbing or the failure to act, by excepting the appropriate words in their findings, or on the basis of both the stabbing and the failure to render assistance. When the members interrupted their deliberations to ask for additional instructions, the military judge again instructed that they could find either the stabbing, the failure to render assistance, or both, as the basis for a conviction of murder or the lesser offenses of involuntary manslaughter and negligent homicide. The defense did not object to any of the military judge's instructions or request additional instructions. Eventually the members convicted appellant of involuntary manslaughter, finding both the act of stabbing and the failure to render assistance. (R. 422)

*Discussion*

█ 10. The elements of involuntary manslaughter by culpable negligence are:

(a) That a certain named or described person is dead;

(b) That the death resulted from the act or omission of the accused;

(c) That the killing was unlawful; and

(d) That this action or omission of the accused constituted culpable negligence[.]

Para. 44b(2), Part IV, Manual for Courts Martial, United States, 1984.

█ 11. "Culpable negligence" is defined by the Manual as "a degree of carelessness greater than simple negligence .... a negligent act or omission accompanied by a culpable disregard for the foreseeable consequences of that act or omission." Para. 44c(2)(a)(i). There can be no culpable negligence based on a failure to act unless there is a "legal duty to act." Para. 44c(2)(a)(ii).

12. The court below found that the instructions on findings were inconsistent and "not a model of clarity," and that "these inconsistencies created confusion and delay." 39 MJ at 955. The Government does not assert that the instructions were error-free but argues that "[t]he granted issue involves an unobjected-to instructional error not of Constitutional dimension, which must be found to be plain error and tested for prejudice." Answer to Final Brief at 3. The correctness of the instruction is not before us. The only issue before us is whether the court below correctly determined that the error was harmless.

█ 13. At oral argument appellant asserted that this instructional defect was a "structural" error of constitutional dimension that is not subject to testing for prejudice. *See generally Arizona v. Fulminante*, 499 U.S. 279, 310, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302 (1991) (Certain "constitutional deprivations" are a "structural defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself.");[2] *see also Sullivan v. Louisiana*, ── U.S. ──, ── ─ ──, 113 S.Ct. 2078, 2082–83, 124 L.Ed.2d 182 (1993) (erroneous reasonable-doubt instruction was "structural" error not subject to harmless-error analysis). We reject that characterization of the instruction in this case. The military judge's error did not undermine the trial's fundamental structure. It was a trial process error founded in a faulty instruction. In *United States v. Mance*, 26 MJ 244, 255–56 (CMA), *cert. denied*, 488 U.S. 942, 109 S.Ct. 367, 102 L.Ed.2d 356 (1988), this Court

---

**2.** This statement is in the portion of the opinion by the Chief Justice which constitutes the Opin-

ion of the Court.

articulated the correct standard for evaluating instructional errors as follows:

> [W]hen a judge *omits entirely* any instruction on an element of the charged offense, this error may not be tested for harmlessness because, thereby, the court members are prevented from considering that element at all. In a real sense, the members in such an instance are directed to find that the evidence proves that element beyond a reasonable doubt. On the other hand, when a judge's instruction adequately identifies an element to be resolved by the members and adequately requires that the members find the necessary predicate facts beyond a reasonable doubt, then an *erroneous* instruction on that element may be tested for harmlessness.

14. In *United States v. Langley,* 33 MJ 278, 283 (CMA 1991), citing *Rose v. Clark,* 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986), we found harmless an erroneous instruction on mistake of fact. We stated, "[I]t is appropriate to apply a harmless-error analysis to instructional errors even of constitutional dimension."

15. In this case, the military judge's instructions fully set out all the elements of the charged and lesser-included offenses. The error related to the accuracy of the military judge's instruction on culpable negligence premised on a failure to act. Therefore, the erroneous instruction can be tested for harmlessness.

■ 16. Assuming, *arguendo,* that the error is of constitutional dimension, we are satisfied that it was harmless beyond a reasonable doubt. The military judge's instructions permitted the members to consider three premises for a finding of culpable negligence: (1) stabbing, (2) failure to render assistance, or (3) a combination of stabbing and failure to render assistance. They were instructed several times that they could ex-

cept either the stabbing or the failure to render assistance, if they were not convinced beyond a reasonable doubt as to either. They excepted neither, meaning that the members found beyond a reasonable doubt that appellant caused Hernandez' death by stabbing him *and* failing to render assistance. We agree with the court below that, under the circumstances of this case, the finding that appellant stabbed Hernandez is sufficient to sustain the conviction, and the finding that he failed to render assistance "became superfluous" and was "surplusage." 39 MJ at 956. *See Griffin v. United States,* 502 U.S. 46, 56–57, 60, 112 S.Ct. 466, 472–73, 474, 116 L.Ed.2d 371 (1991) (general guilty verdict under "indictment charging several acts in the conjunctive" is valid if there is sufficient evidence of one of the acts), quoting *Turner v. United States,* 396 U.S. 398, 420, 90 S.Ct. 642, 654, 24 L.Ed.2d 610 (1970).

■ 17. To the extent that the erroneous instruction contributed to a "superfluous" finding, it was harmless beyond a reasonable doubt. *Cf. Carella v. California,* 491 U.S. 263, 267, 270, 109 S.Ct. 2419, 2421, 2423, 105 L.Ed.2d 218 (1989) (Scalia, J., concurring in the judgment) (error harmless if it "did not play any role in the jury's verdict"). In this case, the erroneous instruction did not affect the conviction because the members also specifically found appellant guilty based on the act of stabbing Hernandez. Accordingly, we hold that the court below did not err when it held that the defects in the military judge's instructions were harmless.

### Decision

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and WISS concur.