**UNITED STATES, Appellee**

v.

**Keith D. FITZGERALD, Master Sergeant U.S. Air Force, Appellant.**

No. 95–1104.
Crim.App. No. 31141.

U.S. Court of Appeals for
the Armed Forces.

Argued June 6, 1996.

Decided Sept. 6, 1996.

_____

For Appellant: *Captain W. Craig Mullen* (argued); *Colonel Jay L. Cohen, Captain Mark J. Simms* (on brief); *Joseph W. Kastl* and *Major Ormond R. Fodrea.*

For Appellee: *Major LeEllen Coacher* (argued); *Colonel Jeffery T. Infelise* (on brief); *Lieutenant Colonel Michael J. Breslin.*

*Opinion of the Court*

CRAWFORD, Judge:

Contrary to his pleas, appellant was convicted at Lajes Field, Azores, Portugal, of sodomy with a child (2 specifications) and of committing indecent acts with a child, in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 USC §§ 925 and 934, respectively. The convening authority approved the sentence of a dishonorable discharge, confinement for 5 years and 3 months, and reduction to senior airman. The Court of Criminal Appeals affirmed the findings and sentence. We granted review of the following issue:

WHETHER THE MILITARY JUDGE INCORRECTLY INSTRUCTED THE MEMBERS ON VOTING. THIS RESULTED IN TOTALLY ABSURD FINDINGS.

We hold that, in the absence of plain error, appellant waived any potential error concerning the voting instructions to the members.

### FACTS

Specification 1 of Charge II alleges various discrete indecent acts, as follows:

In that [appellant] ... did, on divers occasions, at or near San Antonio, Texas, between on or about 16 June 1989 and 31 January 1993, commit indecent acts upon the body of [GGG], a female under 16 years of age, not the wife of the said [appellant], [1] by rubbing her vagina, [2] placing his finger into her vagina, [3] sucking on her breasts, [4] making her touch and rub his penis, and [5] pressing her body against his with the intent to gratify the lust of [appellant].

Specification 2 of Charge II, which resulted in a finding of not guilty, also alleges discrete individual acts that would constitute indecent acts as follows:

In that [appellant] ... did, on divers occasions, at or near Lajes Field, Azores, Portugal, between on or about 1 February 1993 and on or about 14 April 1993 commit indecent acts upon [GGG], a female under 16 years of age, not the wife of the said [appellant], by [1] rubbing her vagina, [2]

sucking her breasts, [3] making her touch and rub his penis, and [4] pressing her body against his with the intent to gratify the lust of [appellant].

The defense did not raise any objections to the specifications.

However, the following colloquy and instructions took place before findings:

MJ: Now, members of the court, you are also advised that as to specification 1 of Charge II, if you have a reasonable doubt that the accused pressed his body against the body of [GGG], you may still reach a finding of guilty as to specification 1 of Charge II so long as all the other elements of the offense are proven beyond a reasonable doubt. But, you must modify this specification to correctly reflect your findings. You would do that by, again, if you were convinced beyond a reasonable doubt that the accused was guilty of specification 1 of Charge II, but you had a reasonable doubt as to whether he had pressed her body against his, you would except out the words "and pressing her body against his."

Now, members of the court, you are further advised that as to specification 2 of Charge II, if you have a reasonable doubt that the accused pressed his body against the body of [GGG], you may still reach a finding of guilty as to specification 2 of Charge II so long as all the other elements of the offense are proven beyond a reasonable doubt. You must modify the specification to correctly reflect your findings. Again, as in specification 1 of Charge II, [if] you are convinced beyond a reasonable doubt that the accused was guilty of all the acts alleged in specification 2, in other words, if you are convinced beyond a reasonable doubt that he was guilty of everything that is in specification 2 of Charge II, but you were not convinced beyond a reasonable doubt that he was guilty of pressing her body against his, you would except out the words "and pressing her body against his." Are there any questions about these last instructions?

(Affirmative response by Colonel Padgett.)

PRES: (Colonel Padgett) Is that the only exception? Are you saying that is an example?

MJ: This is an example. That's a good question. Let me for instance go back to specifications 1 and 2.

If,—counsel, if I say anything here that you think is inappropriate, please let me know—you believe that the accused had placed his finger into the vagina of [GGG] and had sucked on her breasts, but you didn't think that he had done any of the other things, you would have to except out those other things in order to reflect that finding. The same applies to specification 2 of Charge II. So, the point is, if you believe beyond a reasonable doubt that the accused did some of the acts, then you can except that out. Now, if you believe that the accused only did one of the acts—one time—and this is by way of example only—if you believe, for instance, that the accused only placed his finger in her vagina one time, that's the only thing that he did, then you would have to except out the words "divers occasions." Remember divers occasions means more than one time. Any questions at all about any of my instructions?.

(A negative response by all court members.)

MJ: Any objections to any of my instructions?

TC: No, sir.

DC: No, sir.

\*     \*     \*

MBR: (Lieutenant Colonel Paterson) Does that mean that you have to go through each element? Like in specification 2 of Charge II, you have rubbing her vagina and sucking her breasts—I'm confused I guess.

MJ: All right. I don't want to make this too difficult. You have to be convinced beyond a reasonable doubt to find the accused guilty of *any specification alleged or any portion of the specification as alleged.* You need at least seven

**436**

votes to convict the accused of anything. So, what I'm telling you is that on specification 1, the Government has charged that out as divers acts of sodomy. If you voted on that as charged and there wasn't seven votes of guilty on divers acts of sodomy, but there were *seven or more court members* that believed that the accused was guilty of at *least one act of* sodomy, then you would have found the accused guilty of one act of sodomy. You would need to, I believe and counsel can interrupt me if I'm wrong, vote on the specification *as it's alleged.* If you don't have seven votes of guilty for divers sodomy, then you would vote to determine whether you have one act of sodomy. Do you agreed with that, Captain Cordova?

TC: Government concurs with that, Your Honor.

DC: The defense concurs, Your Honor.

\*      \*      \*

MJ: In your discussions you would be talking about it. You talk about what it is you believe you have. You would talk about the evidence.

MBR: (Lieutenant Colonel Paterson) Okay. So, you're saying that we can *modify the specifications in our discussion.*

MJ: You would be talking about the specifications of what it is you believe, and the *members would reach a consensus as* to what they didn't have a reasonable doubt about—what they were convinced beyond a reasonable doubt about. For example,—I'm just trying to help you in your deliberations—say that Colonel Padgett was talking about it and you were all talking about it. *In your discussions, seven or more members decided, well, we believe that he did all of these things except this.* Let's vote on that.

MBR: (Lieutenant Colonel Paterson) Okay. I understand.

MJ: Or maybe you haven't reached a consensus. You just want to say, okay, do we think that he did all of these acts and you vote. You don't have enough. Do

we think he did these acts? So, you would just kind of work it out among yourselves, I guess is the best way I can tell you.

MBR: (Major Odom) We, basically, can do as many votes as we want or need.

MJ: Well,—

MBR: (Maj Odom) Is that what you are saying or not? Do we have one discussion and then one vote?

MJ: No. You have to have seven votes to convict the accused of any offense, either as charged or some portion of the offense. Let's say, again, that you vote on specification 1 of Charge II and you vote on that specification as charged and you don't have seven votes. So, you have, obviously, not found him guilty of specification 1 of Charge II as charged. Let's say then that you *except out* one of the alleged acts and there is not seven members who believe he is guilty of all the acts, but—I will give you an example again—you want to vote on that again and put in [4] rubbing his body against hers. You vote on that and you don't have seven members for that. Let's say then that you go to discussing [1] rubbing the vagina, [2] placing his finger into her vagina and [3] sucking on her breasts. This is an example. You vote on that and you don't have seven. Do you see what I'm saying? You could conceivably go down to one act that you are only convinced that he committed, one act one time, and you could find him guilty of that.

MBR: (Lieutenant Colonel Paterson) But, that's not what I'm asking. What I want to know is, can we vote on the same exact—without changing the wording—we vote on something and then depending upon what that vote is, do we discuss it further and then vote again? Is that specifically prohibited?

MJ: I see what you are saying. Let's say, for example, you vote on specification 1 of Charge II as it's alleged, and you don't have seven votes. You have found the accused not guilty as charged. You cannot go back and then find him guilty,

say of that whole specification 1 of Charge II, because you have found him not guilty.

MBR: (Lieutenant Colonel Paterson) I guess my follow-up question to that is, you have to take a vote on each one of these specifications of these charges, right? The vote we take is not necessarily what is going to be what is written on this piece of paper. If we talk about it among ourselves and say, "Well, it is or it isn't? I guess, that's the question.

MJ: I don't understand the question.

PRES: (Colonel Padgett) When you read specification 1 of Charge II, the piece of paper talks about indecent acts and this one talks about all [1]—[5] the various ways of indecent acts.

MJ: Right. It does. And what was your question, Colonel Paterson.

MBR: (Lieutenant Colonel Paterson) Just by way of example, Charge II and specification 1, we vote on that exactly as it's written. You're saying, if there are not seven votes for guilty then you don't consider that anymore.

MJ: You don't consider that specification in its entirety anymore.

MBR: (Lieutenant Colonel Paterson) I didn't understand because you said that you could consider it wasn't on divers occasion, you could say it was on a single occasion.

MJ: Exactly.

MBR: (Lieutenant Colonel Paterson) Or maybe it wasn't one of these other elements.

MJ: Right.

MBR: (Lieutenant Colonel Paterson) I understand.

MJ: You don't vote on it in its entirety again.

MBR: (Lieutenant Colonel Paterson) All right. I understand now.

(Emphasis added.)

The judge asked trial defense counsel if there was any objection to any of the instructions. Trial defense counsel said no.

## DISCUSSION

The military judge gave the instructions required under RCM 920(e), Manual for Courts–Martial, United States (1995 ed.). He also instructed the members on the voting procedures described in RCM 921. After instructions on the elements of the offenses, the judge instructed them on findings by exceptions and substitutions pursuant to RCM 918(a)(1). Counsel for both sides stated there were no objections to these instructions.

RCM 920(f) provides that, absent plain error, failure to object to the instructions constitutes waiver. The burden is on appellant to establish plain error. In *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), the Supreme Court commented that to establish plain error appellant must demonstrate: (1) that there was error, 507 U.S. at 732, 113 S.Ct. at 1776–1777; (2) that such error was "plain," "clear," or "obvious"; and (3) that the error affected "substantial rights," 507 U.S. at 734, 113 S.Ct. at 1777–1778. Under the third prong of *Olano*, "[i]t is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice." 507 U.S. at 734, 113 S.Ct. at 1778.

In *United States v. Czekala*, 42 MJ 168, 171 (1995), this Court asserted that the instructions are to be construed "in context" and "as a whole." Where two acts are alleged, the judge may instruct on voting procedures to find the individual guilty of either or both. *United States v. Cowan*, 42 MJ 475, 477 (1995).

The judge had various options as to the separate discrete acts [1]—[5] that were alleged in the specifications. The judge suggested a straw vote, which we have held permissible. *United States v. Loving*, 41 MJ 213, 235 (1994), *aff'd on other grounds*, —— U.S. ——, 116 S.Ct. 1737, 135 L.Ed.2d 36 (1996). The judge in this case treated each of these [1]—[5] as a lesser-included offense; that is, the members could vote on the total. If there was a finding of not guilty on [1]—[5], the members could vote on less than the total, depending upon the discussions and straw vote.

There were no objections to these possible voting options because the instructions inured to appellant's benefit. What the defense probably did not want was for the court members to vote separately on all the distinct elements in the specifications and then combine the findings. As a result, we hold that there was an absence of plain error and a waiver of any objection.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX, and Judges SULLIVAN, GIERKE, and ROBERTSON * concur.

---

* Judge James Robertson of the United States District Court for the District of Columbia, sitting by designation pursuant to Article 142(f), Uniform Code of Military Justice, 10 USC § 942(f).